**Affirmed as Modified; Opinion Filed January 21, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01606-CR

### ADELANKE SAMUEL ALAKE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 2
### Dallas County, Texas
### Trial Court Cause No. F-10-42185-I

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Evans

After pleading no contest pursuant to a sentencing cap agreement, Adelanke Samuel Alake appeals his conviction for the offense of aggravated sexual assault of a child under fourteen years of age. In three issues, appellant asserts (1) the trial court did not properly admonish him on the correct range of punishment for the offense, (2) his trial counsel was ineffective, and (3) the judgment of conviction incorrectly reflects that he pleaded "not guilty." After reviewing the record, we modify the judgment of conviction to reflect that appellant pleaded "no contest" to the charged offense and that the terms of the plea bargain consisted of a cap on punishment not to exceed twenty years' imprisonment. As modified, we affirm the trial court's judgment.

## BACKGROUND

Appellant was charged with aggravated sexual assault of a child under fourteen arising out of contact he had with the complainant whom he and his wife babysat after school.[1] In light of the nature of the issues presented, a detailed recitation of the facts is not necessary to our disposition of this appeal. On June 10, 2013, the matter was called to trial. After appellant rejected the State's latest plea bargain offer of twenty-five years, he entered a plea of not guilty, and the parties proceeded to voir dire a jury panel. Appellant was present during voir dire. At that time the judge, defense counsel, and prosecutor each informed the panel that the range of punishment for the charged offense was from probation to 99 years or life in the penitentiary, and up to a $10,000 fine.[2]

After several of the prospective jurors indicated they could not consider probation, the trial court dismissed the entire panel because the remaining number of members was insufficient to constitute a jury. The next day, the prosecutor offered to recommend a fifteen-year sentence in exchange for a guilty plea, but appellant rejected the offer. The case was scheduled for trial three months later on September 16, 2013. At that time, both parties waived a jury trial and agreed that appellant would plead no contest in exchange for an agreed range of punishment from probation to twenty years if the State proved the offense beyond a reasonable doubt. The trial court heard evidence on guilt, found the evidence substantiated appellant's guilt, but deferred adjudication of guilt pending a PSI report. At a subsequent hearing, the trial court sentenced appellant to twelve years' imprisonment, which was within the agreed punishment range.

---

[1] Complainant was ten or eleven at the time of the offense and eighteen at the time of trial.

[2] *See* TEX. PENAL CODE ANN. § 12.32 (West 2011). The prosecutor did not mention the $10,000 fine.

ANALYSIS

In his first issue, appellant complains the trial court failed to admonish him on the range of punishment for the charged offense in violation of article 26.13 of the code of criminal procedure and his due process rights.[3]

Pursuant to article 26.13 of the code of criminal procedure, the trial court must admonish a defendant on the range of punishment before accepting a plea of guilty or no contest. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2014). Although three months earlier during voir dire the sentencing range was discussed by the Court, the prosecutor, and appellant's counsel, on September 17, 2013, at the hearing on appellant's plea bargain and guilt, the trial court only orally admonished appellant on the deportation consequences of his no contest plea. Nothing in the reporter's record of the September hearing shows that appellant was admonished on the range of punishment. Moreover, the record does not contain any written admonishments indicating the range of punishment. We do not decide whether or not there was compliance with article 26.13, because we decide this issue on the basis that appellant was not harmed.

Failure to admonish pursuant to article 26.13(a)(1) is considered statutory error that is subject to a non-constitutional harm analysis. *See* TEX. R. APP. P. 44.2(b); *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002). When reviewing for harm under this standard, we look to the record as a whole to determine whether it demonstrates appellant was unaware of the particular consequences of his plea and that he was misled or harmed by the trial court's failure to admonish him regarding the range of punishment. *Id*. at 638. Here, there is nothing in the

---

[3] To the extent that appellant is attempting to raise a separate due process complaint in this issue, he has failed to proffer any analysis, argument, or legal authority to support such a contention. Accordingly, he has waived his due process claim due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i); *Salazar v. State*, 38 S.W.3d 141, 147 (Tex. Crim. App. 2001) (constitutional complaints waived by inadequate briefing).

record to suggest that appellant did not know the consequences of his plea, i.e, the applicable range of punishment.

The record shows that before entering his no contest plea, appellant had been offered and rejected more than one plea bargain offer. Additionally, appellant was present during voir dire in June when the trial court, prosecutor, and defense counsel each advised the jury panel of the full range of punishment applicable to the offense. The prosecutor and defense counsel then questioned the panel members about their ability to consider the entire punishment range. The trial court dismissed the panel after a number of prospective jurors indicated they could not consider the entire punishment range. At a hearing the following day, the trial court reminded appellant of the panel members that were dismissed because they could not consider probation and noted it was likely he could receive a lot of time in the penitentiary. By the time appellant appeared for trial on September 16, 2013, he had agreed to plead no contest in exchange for an agreed range of punishment from probation to twenty years. Based on the record before us, there is nothing that supports an inference that appellant was unaware of the actual statutory punishment range for the offense at the time he entered his plea or that the failure to admonish mislead him into pleading no contest. To the contrary, the record indicates that before he pleaded no contest, appellant was aware of the applicable statutory range of punishment and agreed to a reduced range of punishment of probation to twenty years. Accordingly, the trial court's failure to admonish appellant at the hearing in September in accordance with article 26.13 was harmless. We resolve appellant's first issue against him.

In his second issue, appellant asserts that he received ineffective assistance of counsel because his attorney failed to advise him of the proper punishment range and also failed to move for a new trial based on the trial court's failure to properly admonish appellant on the punishment range.

To prevail on an ineffective assistance of counsel claim, appellant must show counsel's performance fell below an objective standard of reasonableness and a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Hernandez v. State,* 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). The record must be sufficiently developed to overcome the strong presumption of reasonable assistance. *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). In general, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). We presume a sound trial strategy in the absence of evidence of counsel's strategic motives. *Thompson*, 9 S.W.3d at 813–14. We may not reverse for ineffective assistance when counsel's actions or omissions may have been based on tactical decisions, but the record does not explain the reasons for counsel's decisions. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We should find ineffective assistance as a matter of law, however, when no reasonable trial strategy could justify trial counsel's conduct, regardless of whether the record adequately reflects his subjective reasons for the conduct in question. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). Thus, absent an opportunity for trial counsel to explain his conduct, we should not find ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Here, there is nothing in the record to show what advice counsel gave appellant or appellant's subjective reasons for pleading no contest. Although appellant suggests that counsel was deficient based on his statement the day before trial that the range of punishment was probation to twenty years, it is clear from the context in which the statement was made, that

counsel was referring to the agreed cap on punishment he had reached with the State and not the statutory range of punishment for the offense.[4] There is nothing in the record to show appellant pleaded no contest because he misunderstood the range of punishment, or that he would not have pleaded no contest had he understood the statutory range of punishment. As noted above, the record shows that the correct statutory range of punishment for the offense was stated multiple times while appellant was present during voir dire.

Appellant also contends he received ineffective assistance of counsel because his attorney failed to move for a new trial based on the trial court's failure to properly admonish appellant on the punishment. There is nothing in the record to show why appellant's counsel did not file a motion for new trial regarding the omission of admonishments regarding the range of punishment. We cannot conclude there was no reasonable strategy to justify not filing such a motion because counsel may have not wanted to point out to the trial court its technical omission when, as we have already concluded, the record demonstrates appellant, appellant's counsel, and the trial court knew the full range of punishment and knew appellant's plea bargain agreement capped appellant's maximum sentence to twenty years. Accordingly, we resolve appellant's second issue against him.

In his third issue, appellant contends the judgment of conviction should be modified to reflect he pleaded "no contest" to the offense. The State agrees the trial court's judgment should be modified to correct the mistake. Where, as here, the record provides the necessary information to correct inaccuracies in a trial court's judgment, we have the authority to modify the judgment to speak the truth. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Our review of the record confirms that appellant

---

[4] Defense counsel stated, "Well, Judge, this morning, the State and I agreed that we would waive . . . a jury and will allow Mr. Alake to plead no contest to you, . . . And if they prove their case beyond a reasonable doubt, then the punishment range would be probation to 20 years."

pleaded "no contest" to the offense. The record further confirms that the judgment incorrectly reflects the "Terms of the Plea Bargain" and "None" when in fact the terms of the plea bargain consisted of a cap on punishment not to exceed twenty years' imprisonment. We resolve appellant's third issue in his favor.

We modify the judgment of conviction to reflect that appellant pleaded "no contest" to the offense of aggravated sexual assault of a child under fourteen years of age and to reflect the terms of the plea bargain consisted of a cap on punishment not to exceed twenty years' imprisonment. As modified, we affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131606F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADELANKE SAMUEL ALAKE, Appellant

No. 05-13-01606-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F-10-42185-I
Opinion delivered by Justice Evans, Justices Francis and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect as follows:

Under the section "Plea to the Offense," the judgment is modified to state "No Contest."

Under the section "Terms of the Plea Bargain," the judgment is modified to state "a cap on punishment not to exceed twenty years' imprisonment."

As **MODIFIED,** the judgment is **AFFIRMED**.


Judgment entered this 21st day of January, 2015.